IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN MICHAEL DUNNE,<br><br>Defendant. | CR 20-19-BU-DLC<br><br>FINDINGS AND RECOMMENDATION |

On November 21, 2024, United States District Court Judge Dana L. Christensen referred this case to the undersigned to conduct a final revocation hearing on the petition to revoke Defendant John Michael Dunne's supervised release. (Doc. 73). The original petition alleged two violations: (1) On October 8, 2024, Defendant was instructed to contact Community Counseling and Correctional Services to schedule an appointment for a chemical dependency evaluation before the end of the day, but he failed to do in violation of the standard condition requiring him to follow the instructions of the supervising probation officer (Violation No. 1); and (2) On October 26, 2024, Defendant was charged with DUI – 4th or subsequent offense, Obstructing a Peace Officer, Disorderly Conduct and Driving While Suspended, in violation of the mandatory condition

1

that he must not commit another federal, state or local crime (Violation No. 2). (Doc. 70). On November 29, 2024, the supervising probation officer filed an amended petition realleging the same two violations and adding a third alleged violation (Violation No. 3) (Doc. 82). Violation No. 3 alleges that on October 26, 2024, Defendant was charged with DUI – 4th Subsequent Offense (F), alcohol was present in the vehicle, a warrant was granted to perform a blood draw, and a toxicology report dated November 12, 2024, indicated the defendant's blood alcohol content was 0.179 +/- .015 GM/100ML. (Doc. 82 at 4). Based on these facts, the amended petition alleges Defendant violated the special condition requiring him to abstain from the consumption of alcohol, and prohibiting him from knowingly entering any automobile where a person possesses or is consuming alcohol or controlled substances. (Doc. 82 at 4)

On December 2, 2024, Defendant appeared with counsel for a final revocation hearing on the amended petition. The United States, defense counsel, and Defendant were given an opportunity to address the Court as to their recommendations and requests for an appropriate sentence and disposition of the petition.

Defendant objected to the admission of the toxicology report, and the Court sustained the objection. Defendant admitted to Violation No. 1 and admitted to

Violation No. 3 to the extent it alleges he knowingly entered an automobile where a person possessed or was consuming alcohol. Based on the evidence and arguments presented at the hearing, the Court found that the United States did not meet its burden of establishing Violation No. 2 by a preponderance of the evidence.

Based on Defendant's admissions to the allegations in the petition, the Court finds by a preponderance of the evidence that Defendant committed Violation 1 as alleged in the amended petition, and committed Violation 3 to the extent it alleges he knowingly entered an automobile where a person possessed or was consuming alcohol. Because the United States did not meet its burden of establishing Violation No. 2 by a preponderance of the evidence, that violation should be dismissed.

Defendant's violations are Grade B violations. His criminal history category is IV, and his underlying offense is a Class C felony. Consequently, the United States Sentencing Guidelines recommend a sentence of 12 to 18 months of imprisonment. The United States and Defendant's counsel agreed with these category determinations.

Based on the foregoing, Defendant's admissions, and the Court's review of the record in this matter, the Court makes the following FINDINGS:

1. Defendant failed to contact Community Counseling and Correctional Services to schedule an appointment for a chemical dependency evaluation as instructed by his supervising probation officer, in violation of Standard Condition 13 requiring him to follow the instructions of the probation officer related to the conditions of supervision.

2. Defendant knowing entered an automobile where a person possessed or was consuming alcohol in violation of Special Condition No. 3 stating that he must not knowingly enter any automobile where a person possesses or is consuming alcohol or controlled substances.

It is therefore RECOMMENDED that the District Court revoke Defendant's supervised release, and that Defendant be committed to the custody of the United States Bureau of Prisons for a term of 12 months with no supervised release following his term of imprisonment.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within 14 days of the date it is served as indicated on the Notice of Electronic Filing. The District Judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made, and may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file

written objections may bar a de novo determination by the District Judge, and may waive the right to appear and allocute before the District Judge.

DATED this 2nd day of December, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge